**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

HUAWEI TECHNOLOGIES CO., LTD.,
HUAWEI DEVICE CO., LTD., and
HUAWEI DIGITAL TECHNOLOGIES
(CHENGDU) CO., LTD.

Plaintiffs,

v.

VERIZON COMMUNICATIONS, INC.,
CELLCO PARTNERSHIP D/B/A VERIZON
WIRELESS, and VERIZON BUSINESS
NETWORK SERVICES, INC.

Defendants.

_____

VERIZON BUSINESS NETWORK
SERVICES, INC., and CELLCO
PARTNERSHIP D/B/A VERIZON
WIRELESS, INC.,

Counterclaim-Plaintiffs,

v.

HUAWEI TECHNOLOGIES CO., LTD.,
HUAWEI DEVICE CO., LTD., and
HUAWEI DIGITAL TECHNOLOGIES
(CHENGDU) CO., LTD.

Counterclaim-Defendants.

C.A. No. 6:20-CV-00090
**JURY TRIAL REQUESTED**

**VERIZON'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
HUAWEI'S COMPLAINT**

Defendants Verizon Communications Inc.,[1] Cellco Partnership d/b/a Verizon Wireless, and Verizon Business Network Services, Inc. (collectively, "Verizon"), by their undersigned attorneys, hereby answer Plaintiffs Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., And Huawei Digital Technologies (Chengdu) Co., Ltd.'s (collectively, "Huawei") Complaint for Patent Infringement.

Verizon is one of America's most innovative companies, and a key portion of America's telecommunications infrastructure.  Verizon offers industry-leading connectivity to its customers, connecting millions of people, companies and communities through its award-winning networks.  RootMetrics, the United States' most rigorous and scientific network tester, ranked Verizon highest in overall network performance for a record-setting 13 consecutive years.  For 12 consecutive years, J.D. Power awarded Verizon top honors in numerous wireless network performance categories.  And Forbes ranked Verizon in the top 20 of its 2020 list of companies "doing right by America."

Much as it has led the way in 4G LTE network reliability and speeds, it is innovating in 5G network technology.  Verizon holds over seven thousand United States patents for its inventions.  Verizon's patented ideas fuel Verizon's networks—not the outdated and valueless techniques referenced in Huawei's complaint.

Huawei has a long record of failing to play by the rules where intellectual property is concerned (as exemplified by the behavior set forth in its recent indictment by the United States government for intellectual property theft, among other crimes).  Huawei's suit against Verizon is another example of an attempt by Huawei to take credit for American innovation.  Huawei

---

[1]   Verizon Communications Inc. is purely a stockholding entity not capable of acts of patent infringement and thus not a proper defendant in this litigation.  Verizon Communications Inc. specifically denies that personal jurisdiction exists over it.

ignores Verizon's and its suppliers' own substantial investment in research and development. Verizon will vigorously defend against Huawei's baseless claims of patent infringement.

As set forth below, Verizon denies that it has infringed any valid and enforceable intellectual property rights, including the asserted claims of U.S. Patent Nos. 7,965,709 ("the '709 Patent"), 8,154,986 ("the '986 Patent"), 10,027,693 ("the '693 Patent"), 7,609,288 ("the '288 Patent"), 9,521,366 ("the '366 Patent"), 7,715,832 ("the '832 Patent"), and 8,761,839 ("the '839 Patent") (collectively, the "Asserted Patents").  Verizon further denies that any patent claims in this action are valid or enforceable.  Verizon further reserves the right to amend or supplement its Answer based on any additional facts or developments that become available or that arise after the filing of this Answer.  Verizon denies each and every allegation averred in the Complaint that is not expressly admitted below.  Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts.

## SPECIFIC RESPONSES TO ALLEGATIONS IN THE COMPLAINT

Except as expressly admitted below, Verizon denies each and every allegation set forth in the Complaint.

## COMPLAINT FOR PATENT INFRINGEMENT

## THE PARTIES

1.      Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies them.

2.      Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them.

3.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4.     Verizon admits Verizon Communications Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 1095 Avenue of the Americas, New York, New York 10036 and admits Verizon Communications Inc. may be served through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5.     Verizon admits Cellco Partnership d/b/a Verizon Wireless is a general partnership organized and existing under the laws of Delaware, with a principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920 and admits Cellco Partnership is an indirect wholly-owned subsidiary of Verizon Communications Inc., and together with Verizon Communications Inc. is collectively referred to as "Verizon Wireless" and admits Verizon Wireless may be served through its registered The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6.     Verizon admits Verizon Business Network Services Inc. ("Verizon Business") is a Delaware corporation with a principal place of business at at One Verizon Way, Basking Ridge, New Jersey 07920  and admits Verizon Business may be served through its registered agent for service of process in Texas at CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

7.     Verizon admits the Complaint purports to bring an action under the patent laws of the United States, Title 35 of the United States Code, in particular 35 U.S.C. § 1, et seq. but denies that Verizon has committed any acts of infringement.  To the extent the allegations

contained in paragraph 7 call for a legal conclusion, no response is required. To the extent a response is required, the allegations contained in paragraph 7 are denied.

8.      Verizon admits that the Asserted Patents are the patents-at-issue but denies that it has committed or induced any acts of infringement of the Asserted Patents.

9.      To the extent the allegations contained in paragraph 9 call for a legal conclusion, no response is required. To the extent a response is required, Verizon admits that this Court has personal jurisdiction over all defendants identified in the Complaint other than Verizon Communications for purposes of this action only and that it conducts and has conducted business in the State of Texas and in the Western District of Texas including through stores and/or authorized retailers and other locations and that its website provides a coverage map that identifies where it provides coverage for its 4G LTE branded network, including locations within this federal judicial district. Verizon denies that it has committed or induced any acts of infringement of the Asserted Patents in the United States, in Texas, or in this federal judicial district. Except as expressly admitted, the allegations contained in paragraph 9 are denied.

10.      To the extent the allegations contained in paragraph 10 call for a legal conclusion, no response is required. To the extent a response is required, for purposes of this action only, Verizon admits that venue in the Western District of Texas is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Except as expressly admitted, the allegations contained in paragraph 10 are denied.

<u>**HUAWEI'S INNOVATION AND RESEARCH**</u>

11.      Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them.

14.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

15.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them.

17.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them.

18.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies them.

25.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

<strong><u>VERIZON'S USE OF HUAWEI'S INNOVATIONS</u></strong>

27.     Denied.

28.     Verizon denies that it has committed, induced, or contributed to any acts of infringement of the Asserted Patents in the United States, in Texas, or in this federal judicial district.  Verizon, however, admits that its 2019 Annual Report states, "Enterprise Solutions offers traditional circuit-based network services, and advanced networking solutions including Private IP, Ethernet, and Software-Defined Wide Area Network, along with our traditional voice services and advanced workforce productivity and customer contact center solutions."  Except as expressly admitted, the allegations contained in paragraph 28 are denied.

29.     Denied.

30.     Denied.

31.     Verizon denies that it has committed, induced, or contributed to any acts of infringement of the Asserted Patents in the United States, in Texas, or in this federal judicial district.  Verizon, however, admits that its 2019 Annual Report states, "Total Wireline segment operating revenues for the year ended December 31, 2018 totaled $29.8 billion . . . In 2018,

Enterprise Solutions revenues were $8.8 billion, representing approximately 30% of Wireline's aggregate revenues." Except as expressly admitted, the allegations contained in paragraph 31 are denied.

## LICENSING NEGOTIATIONS

32.     Verizon denies that it has committed, induced, or contributed to any acts of infringement of the Asserted Patents in the United States, in Texas, or in this federal judicial district. Verizon, however, admits that Huawei contacted Verizon on February 7, 2019. Except as expressly admitted, the allegations contained in paragraph 32 are denied.

33.     Verizon denies that the communication from Huawei put Verizon on notice of any Asserted Patent.

34.     Verizon denies that it has committed or induced any acts of infringement of the Asserted Patents in the United States, in Texas, or in this federal judicial district. Verizon, however, admits that it met with Huawei on March 28, 2019. Except as expressly admitted, the allegations contained in paragraph 32 are denied.

35.     Verizon admits that Huawei provided claim charts relating to the Asserted Patents, with the exception of the '839 Patent, on March 28, 2019.

36.     Verizon denies that the meeting with Huawei put Verizon on notice of any Asserted Patent.

37.     Verizon admits that it met with Huawei representatives on June 4 and June 5, 2019 to discuss claim charts concerning a wide variety of technologies.

38.     Verizon admits that it spoke with Huawei representatives by telephone on June 18, 2019. Except as expressly admitted, the allegations contained in paragraph 38 are denied.

39. Verizon admits that it met with Huawei on July 30 and July 31, 2019, September 3 and September 4, 2019, and November 21 and November 22, 2019 in New York.  Except as expressly admitted, the allegations contained in paragraph 39 are denied.

40. Verizon admits it met with Huawei on January 21, 2020.  Except as expressly admitted, the allegations contained in paragraph 40 are denied.

41. Denied.

## COUNT I: INFRINGEMENT OF PATENT NO. 7,965,709

42. Verizon repeats its responses to each preceding paragraph as if fully set forth herein.

43. Verizon admits that the face of the '709 Patent states that the patent issued on June 21, 2011 and contains the title "Bridge Forwarding Method and Apparatus."  Verizon admits that Exhibit A of the Complaint purports to be a copy of the '709 patent.  Except as expressly admitted, the allegations contained in paragraph 43 are denied.

44. Denied.

45. Verizon admits that the face of the '709 Patent includes the quoted language and figure.  Except as expressly admitted, the allegations contained in paragraph 45 are denied.

46. Verizon admits that the face of the '709 Patent includes the quoted language. Except as expressly admitted, the allegations contained in paragraph 46 are denied.

47. Verizon admits that the face of the '709 Patent includes the quoted language. Except as expressly admitted, the allegations contained in paragraph 47 are denied.

48. Verizon admits that the face of the '709 Patent includes the quoted language. Except as expressly admitted, the allegations contained in paragraph 48 are denied.

49.     Verizon admits that the face of the '709 Patent includes the quoted language. Except as expressly admitted, the allegations contained in paragraph 49 are denied.

50.     Verizon admits that the face of the '709 Patent includes the quoted language. Except as expressly admitted, the allegations contained in paragraph 50 are denied.

51.     To the extent that paragraph 51 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 51 of the Complaint.

52.     To the extent that paragraph 52 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 52 of the Complaint.

53.     To the extent that paragraph 53 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 53 of the Complaint.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

54.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies them.

55.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore denies them.

56.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies them.

57.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies them.

58.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them

59.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies them.

60.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore denies them.

61.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies them.

62.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore denies them.

63.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore denies them.

64.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies them.

65.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies them.

66.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

68.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies them.

69.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

72.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

73.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies them.

74.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies them.

75.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies them.

76.     Denied.

77.     Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

78.     Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

79.     Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

80.     Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

81.     Denied.

82.     Denied.

83.     Denied.

## COUNT II: INFRINGEMENT OF PATENT NO. 8,154,986

84.     Verizon repeats its responses to each preceding paragraph as if fully set forth herein.

85.     Verizon admits that the face of the '986 Patent states that the patent issued on April 10, 2012 and contains the title "Method for Fast Converging End-To-End Services and Provider Edge Equipment Thereof."  Verizon admits that Exhibit B of the Complaint purports to be a copy of the '986 patent.  Except as expressly admitted, the allegations contained in paragraph 85 are denied.

86.     To the extent that paragraph 86 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 86 of the Complaint.

87.     Verizon admits that the face of the '986 Patent includes the quoted language and figure.  Except as expressly admitted, the allegations contained in paragraph 87 are denied.

88.     Verizon admits that the face of the '986 Patent includes the quoted language. Except as expressly admitted, the allegations contained in paragraph 88 are denied.

89.     Verizon admits that the face of the '986 Patent includes the quoted language. Except as expressly admitted, the allegations contained in paragraph 89 are denied.

90.     Verizon admits that the face of the '986 Patent includes the quoted language. Except as expressly admitted, the allegations contained in paragraph 90 are denied.

91.     Denied.

92.     Verizon admits that the face of the '986 Patent includes the quoted language. Except as expressly admitted, the allegations contained in paragraph 92 are denied.

93.     To the extent that paragraph 93 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 93 of the Complaint.

94.     Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

95.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 and therefore denies them.

96.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 and therefore denies them.

97.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 and therefore denies them.

98.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 and therefore denies them.

99.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 and therefore denies them.

100.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 and therefore denies them.

101.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 and therefore denies them.

102.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 and therefore denies them.

103.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 and therefore denies them.

104.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 and therefore denies them.

105.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 and therefore denies them.

106.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 and therefore denies them.

107.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 and therefore denies them.

108.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 and therefore denies them.

109.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 and therefore denies them.

110.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110 and therefore denies them.

111.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111 and therefore denies them.

112.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 and therefore denies them.

113.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113 and therefore denies them.

114.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114 and therefore denies them.

115.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115 and therefore denies them.

116.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116 and therefore denies them.

117.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 117 and therefore denies them.

118.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 118 and therefore denies them.

119.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 119 and therefore denies them.

120.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 120 and therefore denies them.

121.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121 and therefore denies them.

122.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 122 and therefore denies them.

123.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 123 and therefore denies them.

124.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 124 and therefore denies them.

125.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125 and therefore denies them.

126.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126 and therefore denies them.

127.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127 and therefore denies them.

128.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128 and therefore denies them.

129.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 129 and therefore denies them.

130.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 130 and therefore denies them.

131.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 131 and therefore denies them.

132.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 132 and therefore denies them.

133.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 133 and therefore denies them.

134.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134 and therefore denies them.

135.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135 and therefore denies them.

136.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 136 and therefore denies them.

137.     Denied.

138.     Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

139.     Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

140.     Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

141.     Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

142.     Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

143.     Denied.

144.     Denied.

145.     Denied.

## COUNT III: INFRINGEMENT OF PATENT NO. 10,027,693

146.     Verizon repeats its responses to each preceding paragraph as if fully set forth herein.

147.     Verizon admits that the face of the '693 Patent states that the patent issued on July 17, 2018 and contains the title "Method, Device and System for Alerting against Unknown Malicious Codes within a Network Environment."  Verizon admits that Exhibit C of the

Complaint purports to be a copy of the '693 patent.  Except as expressly admitted, the allegations contained in paragraph 147 are denied.

148.     To the extent that paragraph 148 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 148 of the Complaint.

149.     To the extent that paragraph 149 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 149 of the Complaint.

150.     To the extent that paragraph 150 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 150 of the Complaint.

151.     Verizon admits that the face of the '693 Patent includes the quoted language. Except as expressly admitted, the allegations contained in paragraph 151 are denied.

152.     To the extent that paragraph 152 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 152 of the Complaint.

153.     To the extent that paragraph 153 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 153 of the Complaint.

154.     To the extent that paragraph 154 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 154 of the Complaint.

155.    To the extent that paragraph 155 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 155 of the Complaint.

156.    To the extent that paragraph 156 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 156 of the Complaint.

157.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 157 and therefore denies them.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

158.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158 and therefore denies them.

159.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 159 and therefore denies them.

160.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 160 and therefore denies them.

161.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161 and therefore denies them.

162.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 162 and therefore denies them.

163.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 163 and therefore denies them.

164.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164 and therefore denies them.

165.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 and therefore denies them.

166.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 166 and therefore denies them.

167.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167 and therefore denies them.

168.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 168 and therefore denies them.

169.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169 and therefore denies them.

170.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170 and therefore denies them.

171.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 171 and therefore denies them.

172.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 172 and therefore denies them.

173.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 173 and therefore denies them.

174.    Denied.

175.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

176.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

177.     Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

178.     Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

179.     Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

180.     Denied.

181.     Denied.

182.     Denied.

### COUNT IV: INFRINGEMENT OF PATENT NO. 7,609,288

183.     Verizon repeats its responses to each preceding paragraph as if fully set forth herein.

184.     Verizon admits that the face of the '288 Patent states that the patent issued on October 27, 2009 and contains the title "Method and apparatus of transferring the desktop of PC to video communication terminal."  Verizon admits that Exhibit D of the Complaint purports to be a copy of the '288 patent.  Except as expressly admitted, the allegations contained in paragraph 184 are denied.

185.     To the extent that paragraph 185 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 185 of the Complaint.

186.     To the extent that paragraph 186 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 186 of the Complaint.

187.    To the extent that paragraph 187 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 187 of the Complaint.

188.    To the extent that paragraph 188 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 188 of the Complaint.

189.    To the extent that paragraph 189 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 189 of the Complaint.

190.    To the extent that paragraph 190 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 190 of the Complaint.

191.    To the extent that paragraph 191 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 191 of the Complaint.

192.    To the extent that paragraph 192 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 192 of the Complaint.

193.    To the extent that paragraph 193 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 193 of the Complaint.

194.    To the extent that paragraph 194 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 194 of the Complaint.

195.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

196.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 196 and therefore denies them.

197.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 197 and therefore denies them.

198.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 198 and therefore denies them.

199.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 199 and therefore denies them.

200.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 200 and therefore denies them.

201.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 201 and therefore denies them.

202.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 202 and therefore denies them.

203.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 203 and therefore denies them.

204.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 204 and therefore denies them.

205.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 205 and therefore denies them.

206.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 206 and therefore denies them.

207.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 207 and therefore denies them.

208.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 208 and therefore denies them.

209.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 209 and therefore denies them.

210.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 210 and therefore denies them.

211.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 211 and therefore denies them.

212.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 212 and therefore denies them.

213.    Denied.

214.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

215.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

216.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

217.   Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

218.   Denied.

219.   Denied.

220.   Denied.

## COUNT V: INFRINGEMENT OF PATENT NO. 9,521,366

221.   Verizon repeats its responses to each preceding paragraph as if fully set forth herein.

222.   Verizon admits that the face of the '366 Patent states that the patent issued on December 13, 2016 and contains the title "Method and apparatus for playing conference signal, video conference terminal, and mobile device."  Verizon admits that Exhibit E of the Complaint purports to be a copy of the '366 patent.  Except as expressly admitted, the allegations contained in paragraph 222 are denied.

223.   To the extent that paragraph 223 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 223 of the Complaint.

224.   To the extent that paragraph 224 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 224 of the Complaint.

225.   To the extent that paragraph 225 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 225 of the Complaint.

226.    To the extent that paragraph 226 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 226 of the Complaint.

227.    To the extent that paragraph 227 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 227 of the Complaint.

228.    To the extent that paragraph 228 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 228 of the Complaint.

229.    To the extent that paragraph 229 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 229 of the Complaint.

230.    To the extent that paragraph 230 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 230 of the Complaint.

231.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

232.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 232 and therefore denies them.

233.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 233 and therefore denies them.

234.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 234 and therefore denies them.

235.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 235 and therefore denies them.

236.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 236 and therefore denies them.

237.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 237 and therefore denies them.

238.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 238 and therefore denies them.

239.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 239 and therefore denies them.

240.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 240 and therefore denies them.

241.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 241 and therefore denies them.

242.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 242 and therefore denies them.

243.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 243 and therefore denies them.

244.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 244 and therefore denies them.

245.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 245 and therefore denies them.

246.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 246 and therefore denies them.

247.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 247 and therefore denies them.

248.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 248 and therefore denies them.

249.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 249 and therefore denies them.

250.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 250 and therefore denies them.

251.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 251 and therefore denies them.

252.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 252 and therefore denies them.

253.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 253 and therefore denies them.

254.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 254 and therefore denies them.

255.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 255 and therefore denies them.

256.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 256 and therefore denies them.

257.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 257 and therefore denies them.

258.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 258 and therefore denies them.

259.    Denied.

260.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

261.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

262.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

263.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

264.    Denied.

265.    Denied.

266.    Denied.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,715,832

267.    Verizon repeats its responses to each preceding paragraph as if fully set forth herein.

268.    Verizon admits that the face of the '832 Patent states that the patent issued on May 11, 2010 and contains the title "Mobile Terminal and a Method for Implementing the Guardianship Function."  Verizon admits that Exhibit F of the Complaint purports to be a copy

of the '832 patent.  Except as expressly admitted, the allegations contained in paragraph 268 are denied.

269.     To the extent that paragraph 269 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 269 of the Complaint.

270.     To the extent that paragraph 270 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 270 of the Complaint.

271.     To the extent that paragraph 271 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 271 of the Complaint.

272.     To the extent that paragraph 272 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 272 of the Complaint.

273.     To the extent that paragraph 273 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 273 of the Complaint.

274.     To the extent that paragraph 274 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 274 of the Complaint.

275.     To the extent that paragraph 275 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 275 of the Complaint.

276.    To the extent that paragraph 276 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 276 of the Complaint.

277.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

289.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

290.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

291.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

292.    Denied.

293.    Denied.

294.    Denied.

### COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 8,761,839

295.    Verizon repeats its responses to each preceding paragraph as if fully set forth herein.

296.    Verizon admits that the face of the '839 Patent states that the patent issued on June 24, 2014 and contains the title "Method and Mobile Terminal for Processing Contacts." Verizon admits that Exhibit G of the Complaint purports to be a copy of the '839 patent.  Except as expressly admitted, the allegations contained in paragraph 296 are denied.

297.    To the extent that paragraph 297 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 297 of the Complaint.

298.    To the extent that paragraph 298 of the Complaint sets forth conclusions of law, no response is required.  Verizon admits that the face of the '839 Patent includes the quoted language.  Except as expressly admitted, the allegations contained in paragraph 298 are denied.

299.    To the extent that paragraph 299 of the Complaint sets forth conclusions of law, no response is required.  Verizon admits that the face of the '839 Patent includes the quoted language.  Except as expressly admitted, the allegations contained in paragraph 299 are denied.

300.    Verizon admits that the face of the '839 Patent includes the quoted language. Except as expressly admitted, the allegations contained in paragraph 300 are denied.

301.    Verizon admits that the face of the '839 Patent includes the quoted language. Except as expressly admitted, the allegations contained in paragraph 301 are denied.

302.     Verizon admits that the face of the '839 Patent includes the quoted language. Except as expressly admitted, the allegations contained in paragraph 302 are denied.

303.     Verizon admits that the face of the '839 Patent includes the quoted language. Except as expressly admitted, the allegations contained in paragraph 303 are denied.

304.     Denied.

305.     To the extent that paragraph 305 of the Complaint sets forth conclusions of law, no response is required.  Verizon admits that the face of the '839 Patent includes the quoted language.  Except as expressly admitted, the allegations contained in paragraph 305 are denied.

306.     To the extent that paragraph 306 of the Complaint sets forth conclusions of law, no response is required.  Verizon admits that the face of the '839 Patent includes the quoted language.  Except as expressly admitted, the allegations contained in paragraph 306 are denied.

307.     To the extent that paragraph 307 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 307 of the Complaint.

308.     To the extent that paragraph 308 of the Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 308 of the Complaint.

309.     Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

310.     Denied.

311.     Denied.

312.     Denied.

313.     Denied.

314.    Denied.

315.    Denied.

316.    Denied.

317.    Denied.

318.    Denied.

319.    Denied.

320.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

321.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

322.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

323.    Denied.  Verizon has moved to dismiss Huawei's allegations of indirect infringement.

324.    Denied.

325.    Denied.

326.    Denied.

## DEMAND FOR JURY TRIAL

327.    This paragraph sets forth Huawei's demand for a trial by jury on all claims and issues so triable to which no response is required.

## PRAYER FOR RELIEF

328.    To the extent any response is required to any paragraph of Plaintiff's Prayer for Relief, Verizon denies that Plaintiff is entitled to any of the requested relief and denies any

allegations of its Prayer for Relief. Verizon further denies each and every allegation in the Complaint to which it has not specifically responded.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Verizon alleges and asserts the following affirmative defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing Plaintiff's burden of proof on its affirmative claims against Verizon, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to their responses above, Verizon specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
#### (Non-infringement)

1.      Verizon does not infringe and has not directly infringed (either literally, under the doctrine of equivalents, or under the reverse doctrine of equivalents), induced infringement of, or contributed to the infringement of any valid and enforceable claim of the Asserted Patents, nor is Verizon's equipment used in any infringement of any valid and enforceable claim.

### SECOND AFFIRMATIVE DEFENSE
#### (Invalidity and Ineligibility)

2.      The claims of the Asserted Patents are invalid for failure to satisfy one or more of the requirements set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE
#### (Prosecution History Estoppel and/or Disclaimer)

3.      By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicant during

the prosecution of the patent applications that led to the issuance of the Asserted Patents, Huawei's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel.  To the extent Huawei's alleged claim for infringement of any of the Asserted Patents is based on the doctrine of equivalents, Huawei is barred under the doctrine of prosecution history estoppel and/or other limits to the doctrine of equivalents, and Huawei is estopped from claiming that the Asserted Patents cover any accused method, system, and/or product.

## FOURTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

4.      Huawei's claims are barred, either in whole or in part, by the doctrine of laches, waiver, estoppel, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Equitable Entitlement to Injunctive Relief)

5.      Huawei is not entitled to injunctive relief under any theory, including without limitation, because any alleged injury to Huawei is not immediate or irreparable, Huawei has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

## SIXTH AFFIRMATIVE DEFENSE
### (Statutory Limitations on Damages and Costs and Failure to Mark)

6.      Any claim by Huawei for damages is limited by 35 U.S.C. §§ 286 or 287. Huawei is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

7.      By way of example, Huawei's claims are barred, in whole or in part, as a result of failure to mark by Plaintiff or its licensee, or otherwise give proper notice that Verizon's actions allegedly infringed the Asserted Patents, and Verizon is not liable to Huawei for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

8.      Huawei is not entitled to enhanced damages under 35 U.S.C. § 284 because Huawei has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement or enhancement of damages.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Exceptional Case)**

9.      Huawei cannot prove that this is an exceptional case justifying an award of attorneys' fees against Verizon pursuant to 35 U.S.C. § 285.

**NINTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

10.     Huawei's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.  Verizon is moving to dismiss Huawei's allegations of indirect infringement.

**TENTH AFFIRMATIVE DEFENSE**
**(Actions of Others)**

11.     On information and belief, Huawei's claims are barred, in whole or in part, because Verizon is not liable for the acts of others over whom it has no control.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Government Sales)**

12.     Huawei' s claims for relief and prayer for damages are limited by 28 U.S.C. § 1498.

**FIRST AFFIRMATIVE DEFENSE**
**(No Causation)**

13.     Plaintiff's claims against Verizon are barred because Plaintiff's damages, if any, were not caused by Verizon.

**RESERVATION OF DEFENSES**

Verizon reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of the Patents based on inequitable conduct, based on discovery and further factual investigation in this action. Assertion of a defense is not a concession that Verizon has the burden of proving the matter asserted.

**COUNTERCLAIMS**

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Verizon hereby alleges and asserts the following Counterclaims against Huawei:

**THE PARTIES**

1.      Counterclaim Plaintiff Cellco Partnership d/b/a Verizon Wireless is a general partnership with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

2.      Counterclaim Plaintiff Verizon Business Network Services, Inc. is a Delaware corporation with a principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

3.      On information and belief, Counterclaim Defendant Huawei Technologies Co. Ltd. is a Chinese corporation with its principal place of business at Bantian, Longgang District, Shenzhen, People's Republic of China.

4.      On information and belief, Counterclaim Defendant Huawei Device Co., Ltd. is a Chinese corporation with its principal place of business at Songshan Lake Science and Technology Industtrial Zone, Dongguan, Guangdong, People's Republic of China.

5.      On information and belive, Counterclaim Defendant Huawei Digital Technologies (Chengdu) Co., Ltd. is a Chinese corporation with its principal place of business at No. 1899 Xiyuan Avenue, High-tech Zone, Chengdu, Sichuan, People's Republic of China.

## JURISDICTION AND VENUE

6.      Verizon's Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*  This Court has subject matter jurisdiction over Verizon's Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  An actual controversy exists under the Declaratory Judgment Act, because Huawei has asserted and is asserting infringement of U.S. Patent Nos. 7,965,709 ("the '709 Patent"), 8,154,986 ("the '986 Patent"), 10,027,693 ("the '693 Patent"), 7,609,288 ("the '288 Patent"), 9,521,366 ("the '366 Patent"), 7,715,832 ("the '832 Patent"), and 8,761,839 ("the '839 Patent") (collectively, the "Asserted Patents") by Verizon and Verizon denies those allegations.

7.      Huawei is subject to personal jurisdiction of this Court by virtue of Complaint for Patent Infringement that Huawei filed in this Court in this case.

8.      Under 28 U.S.C. §§ 1391 and 1400(b), venue is proper for Verizon's counterclaims against Huawei.

9.      Verizon brings the following counterclaims against Huawei:

## COUNT ONE
### (Declaratory Judgment of Non-Infringement of the '709 Patent)

10.     Verizon realleges and incorporates by reference the allegations in Counterclaim Paragraphs 1-9 as though fully set forth here.

11.     Huawei has asserted that Verizon infringes the '709 Patent.

12.     An actual, substantial, and continuing justiciable controversy exists between Verizon and Huawei with respect to infringement of the '709 Patent.

13.     Verizon has not infringed and does not infringe any valid and enforceable claim of the '709 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

14.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Huawei as to whether Verizon has infringed or infringes any valid and enforceable claim of the '709 Patent.

15.     A judicial declaration concerning these matters is necessary and appropriate so that Verizon can ascertain its rights regarding the '709 Patent.

## COUNT TWO
### (Declaratory Judgment of Invalidity of the '709 Patent)

16.     Verizon realleges and incorporates by reference the allegations in Counterclaim Paragraphs 1-15 as though fully set forth here.

17.     One or more claims of the '709 Patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

18.     To resolve the legal and factual questions raised by Huawei and to afford relief from the uncertainty and controversy from which Huawei's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '709 Patent is invalid.

19.     A judicial declaration concerning these matters is necessary and appropriate so that Verizon can ascertain its rights regarding the '709 Patent.

## COUNT THREE
### (Declaratory Judgment of Non-Infringement of the '986 Patent)

20.     Verizon realleges and incorporates by reference the allegations in Counterclaim Paragraphs 1-19 as though fully set forth here.

21.     Huawei has asserted that Verizon infringes the '986 Patent.

22.     An actual, substantial, and continuing justiciable controversy exists between Verizon and Huawei with respect to infringement of the '986 Patent.

23.     Verizon has not infringed and does not infringe any valid and enforceable claim of the '986 patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

24.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Huawei as to whether Verizon has infringed or infringes any valid and enforceable claim of the '986 Patent.

25.     A judicial declaration concerning these matters is necessary and appropriate so that Verizon can ascertain its rights regarding the '986 Patent.

## COUNT FOUR
### (Declaratory Judgment of Invalidity of the '986 Patent)

26.     Verizon realleges and incorporates by reference the allegations in Counterclaim Paragraphs 1-25 as though fully set forth here.

27.     One or more claims of the '986 Patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

28.     To resolve the legal and factual questions raised by Huawei and to afford relief from the uncertainty and controversy from which Huawei's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '986 Patent is invalid.

29.     A judicial declaration concerning these matters is necessary and appropriate so that Verizon can ascertain its rights regarding the '986 Patent.

## COUNT FIVE
### (Declaratory Judgment of Non-Infringement of the '693 Patent)

30.     Verizon realleges and incorporates by reference the allegations in Counterclaim Paragraphs 1-29 as though fully set forth here.

31.     Huawei has asserted that Verizon infringes the '693 Patent.

32.     An actual, substantial, and continuing justiciable controversy exists between Verizon and Huawei with respect to infringement of the '693 Patent.

33.     Verizon has not infringed and does not infringe any valid and enforceable claim of the '693 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

34.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Huawei as to whether Verizon has infringed or infringes any valid and enforceable claim of the '693 Patent.

35.     A judicial declaration concerning these matters is necessary and appropriate so that Verizon can ascertain its rights regarding the '693 Patent.

## COUNT SIX
### (Declaratory Judgment of Invalidity of the '693 Patent)

36.     Verizon realleges and incorporates by reference the allegations in Counterclaim Paragraphs 1-35 as though fully set forth here.

37.     One or more claims of the '693 Patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

38.     To resolve the legal and factual questions raised by Huawei and to afford relief from the uncertainty and controversy from which Huawei's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '693 Patent is invalid.

39.     A judicial declaration concerning these matters is necessary and appropriate so that Verizon can ascertain its rights regarding the '693 Patent.

## COUNT SEVEN
### (Declaratory Judgment of Non-Infringement of the '288 Patent)

40.     Verizon realleges and incorporates by reference the allegations in Counterclaim Paragraphs 1-39 as though fully set forth here.

41.     Huawei has asserted that Verizon infringes the '288 Patent.

42.     An actual, substantial, and continuing justiciable controversy exists between Verizon and Huawei with respect to infringement of the '288 Patent.

43.     Verizon has not infringed and does not infringe any valid and enforceable claim of the '288 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

44.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Huawei as to whether Verizon has infringed or infringes any valid and enforceable claim of the '288 Patent.

45.     A judicial declaration concerning these matters is necessary and appropriate so that Verizon can ascertain its rights regarding the '288 Patent.

## COUNT EIGHT
### (Declaratory Judgment of Invalidity of the '288 Patent)

46.     Verizon realleges and incorporates by reference the allegations in Counterclaim Paragraphs 1-45 as though fully set forth here.

47.     One or more claims of the '288 Patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

48.     To resolve the legal and factual questions raised by Huawei and to afford relief from the uncertainty and controversy from which Huawei's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '288 Patent is invalid.

49.     A judicial declaration concerning these matters is necessary and appropriate so that Verizon can ascertain its rights regarding the '288 Patent.

## COUNT NINE
### (Declaratory Judgment of Non-Infringement of the '366 Patent)

50.     Verizon realleges and incorporates by reference the allegations in Counterclaim Paragraphs 1-49 as though fully set forth here.

51.     Huawei has asserted that Verizon infringes the '366 Patent.

52.     An actual, substantial, and continuing justiciable controversy exists between Verizon and Huawei with respect to infringement of the '366 Patent.

53.     Verizon has not infringed and does not infringe any valid and enforceable claim of the '288 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

54.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Huawei as to whether Verizon has infringed or infringes any valid and enforceable claim of the '366 Patent.

55.     A judicial declaration concerning these matters is necessary and appropriate so that Verizon can ascertain its rights regarding the '366 Patent.

## COUNT TEN
### (Declaratory Judgment of Invalidity of the '366 Patent)

56.     Verizon realleges and incorporates by reference the allegations in Counterclaim Paragraphs 1-55 as though fully set forth here.

57.     One or more claims of the '366 Patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

58.     To resolve the legal and factual questions raised by Huawei and to afford relief from the uncertainty and controversy from which Huawei's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '366 Patent is invalid.

59.     A judicial declaration concerning these matters is necessary and appropriate so that Verizon can ascertain its rights regarding the '366 Patent.

## COUNT ELEVEN
### (Declaratory Judgment of Non-Infringement of the '832 Patent)

60.     Verizon realleges and incorporates by reference the allegations in Counterclaim Paragraphs 1-59 as though fully set forth here.

61.     Huawei has asserted that Verizon infringes the '832 Patent.

62.     An actual, substantial, and continuing justiciable controversy exists between Verizon and Huawei with respect to infringement of the '832 Patent.

63.     Verizon has not infringed and does not infringe any valid and enforceable claim of the '832 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

64.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Huawei as to whether Verizon has infringed or infringes any valid and enforceable claim of the '832 Patent.

65.     A judicial declaration concerning these matters is necessary and appropriate so that Verizon can ascertain its rights regarding the '832 Patent.

**COUNT TWELVE**
**(Declaratory Judgment of Invalidity of the '832 Patent)**

66.     Verizon realleges and incorporates by reference the allegations in Counterclaim Paragraphs 1-65 as though fully set forth here.

67.     One or more claims of the '832 Patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

68.     To resolve the legal and factual questions raised by Huawei and to afford relief from the uncertainty and controversy from which Huawei's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '832 Patent is invalid.

69.     A judicial declaration concerning these matters is necessary and appropriate so that Verizon can ascertain its rights regarding the '832 Patent.

**COUNT THIRTEEN**
**(Declaratory Judgment of Non-Infringement of the '839 Patent)**

70.     Verizon realleges and incorporates by reference the allegations in Counterclaim Paragraphs 1-69 as though fully set forth here.

71.     Huawei has asserted that Verizon infringes the '839 Patent.

72.     An actual, substantial, and continuing justiciable controversy exists between Verizon and Huawei with respect to infringement of the '839 Patent.

73.     Verizon has not infringed and does not infringe any valid and enforceable claim of the '839 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

74.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Huawei as to whether Verizon has infringed or infringes any valid and enforceable claim of the '839 Patent.

75.     A judicial declaration concerning these matters is necessary and appropriate so that Verizon can ascertain its rights regarding the '839 Patent.

## COUNT FOURTEEN
### (Declaratory Judgment of Invalidity of the '839 Patent)

76.     Verizon realleges and incorporates by reference the allegations in Counterclaim Paragraphs 1-75 as though fully set forth here.

77.     One or more claims of the '839 Patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

78.     To resolve the legal and factual questions raised by Huawei and to afford relief from the uncertainty and controversy from which Huawei's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '839 Patent is invalid.

79.     A judicial declaration concerning these matters is necessary and appropriate so that Verizon can ascertain its rights regarding the '839 Patent.

## DEMAND FOR A JURY TRIAL

Verizon respectfully requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Verizon requests that:

A.   The Court dismiss with prejudice any and all claims of Huawei's Complaint;

B.   The Court enter judgment that Huawei is not entitled to any relief whatsoever, whether in law or equity or otherwise, from its suit against Verizon;

C.   That the claims of the Asserted Patents be found invalid and/or unenforceable;

D.   The Court enter judgment that Verizon does not infringe and has not infringed any valid claim of the Asserted Patents and that Plaintiff take nothing by its Complaint;

E.   The Court declare this case to be exceptional and award Verizon its reasonable attorneys' fees and expenses incurred in defending this action;

F.   The Court grant to Verizon such other and further relief as it deems just and proper.

Dated:  April 1, 2020


    */s/ Deron R. Dacus*


Deron R. Dacus
State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

Charles Verhoeven
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone: 415-875-6600
Fax: 415-875-6700
charlesverhoeven@quinnemanuel.com

Patrick Curran
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
111 Huntington Ave, Suite 520
Boston, Massachusetts 02199
Telephone: 617-712-7100
Fax: 617-712-7200
patrickcurran@quinnemanuel.com

Brianne M. Straka
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Dr., Suite 2700
Chicago, IL 60606
Telephone: 312-705-7400
Fax: 312-705-7401
briannestraka@quinnemanuel.com

John T. McKee
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor,
New York, NY 10010
Telephone: 212-849-7000
Fax: 212-849-7100
johnmckee@quinnemanuel.com

*Counsel for Verizon Communications, Inc., Cellco Partnership d/b/a Verizon Wireless & Verizon Business Network Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has

been served on all counsel of record via the Court's ECF system on April 1, 2020.

*/s/ Deron R. Dacus*_____
Deron R. Dacus